## DAVISON v. WALWORTH MFG. CO.

(Circuit Court of Appeals, Ninth Circuit.
April 20, 1925.)

No. 4277.

Municipal corporations ⊂⇒592(1)—Right of way in street governed by state statute, notwithstanding conflicting ordinance.

Right of way in city in Oregon is that prescribed by Motor Vehicle Law of such state, notwithstanding ordinance of the city in direct conflict therewith.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Action by A. F. Davison against the Walworth Manufacturing Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Wm. P. Lord and Arthur I. Moulton, both of Portland, Or., for plaintiff in error.

Griffith, Peck & Coke and A. G. Barry, all of Portland, Or., for defendant in error.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

ROSS, Circuit Judge. The plaintiff in error was at the time here in question a police officer of the city of Portland, Or., riding a motorcycle belonging to the police department of that city in pursuance of his duties as such officer, going west on Taylor street, while an automobile of the defendant in error was being driven south on Park street, and as the officer approached the intersection of the two streets he, fearing a collision with the automobile, turned south on Park street and skidded into an automobile parked on its west side, being thereby thrown to the pavement and sustaining injuries for which he sued.

According to the record, the real and only question here presented is whether the officer had the right of way by virtue of an ordinance of the city of Portland, as is claimed on his behalf, thereby making it the duty of the driver of the automobile to keep out of his way, or whether the case is controlled by the Motor Vehicle Law of the State of Oregon (Laws 1921, p. 707), as the court below held, and which it is conceded is in direct conflict in that respect with the city ordinance referred to.

That question we find has been directly decided in several cases by the Supreme Court of the state. See Rose v. Port of Portland, 82 Or. 541, 162 P. 498; Lovejoy v. City of Portland, 95 Or. 459, 471, 472, 473, 188 P. 207; Hillsboro v. Public Service Commission, 97 Or. 320, 336, 337, 187 P. 617, 192 P. 390; Dent v. Oregon City, 106 Or. 122, 211 P. 909; West v. Jaloff (Or.) 232 P. 642, decided January 2, 1925.

The judgment is affirmed.

---

## In re RABINOWITZ et al.

(Circuit Court of Appeals, Second Circuit. December 2, 1924.)

No. 115.

Bankruptcy ⊂⇒446—Findings of fact by lower court conclusive.

Findings of fact by lower court are conclusive on review by petition to revise.

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

In the matter of Samuel Rabinowitz and others, individually and as copartners, trading as the Aldo Shirt Company, bankrupts. On petition by bankrupts to revise order in bankruptcy directing them to pay over to Norman Tauber, trustee, money withheld by them. Order affirmed.

Kopp, Markewich & Pearlman, of New York City (Samuel Markewich and Joseph G. M. Browne, both of New York City, of counsel), for petitioners.

Shaine & Weinrib, of New York City (Maurice L. Shaine, of New York City, of counsel), for trustee respondent.

Before HOUGH and MANTON, Circuit Judges, and LEARNED HAND, District Judge.

PER CURIAM. We are of opinion that this petition raises nothing but questions of fact. As to questions of fact the findings below conclude us, although we have no desire to differ from the conclusions reached by the special master.

Order affirmed, with costs.